UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| WORLD TRIATHLON CORPORATION, INC., a Florida corporation;<br><br>Plaintiff,<br><br>vs.<br><br>DAWN SYNDICATED PRODUCTIONS, a Delaware Corporation, *et al*<br><br>Defendants. | CASE NO: 8:05-CV-983-T-27EAJ |

**JOINT MOTION FOR INDICATION OF WILLINGNESS
TO VACATE ORDER AND FOR OTHER RELATED RELIEF**

Plaintiff, WORLD TRIATHLON CORPORATION ("WTC") and Defendants DAWN SYNDICATED PRODUCTIONS, TELEPICTURES PRODUCTIONS, WARNER BROS. ENTERTAINMENT, INC., WARNER DOMESTIC TELEVISION DISTRIBUTION, INC., and WMOR-TV COMPANY ("DEFENDANTS"), by and through their undersigned counsel and pursuant to Rule 60(b), Fed.R.Civ.P., jointly move this Court to indicate its willingness to (1) vacate its summary judgment order dated September 28, 2007 (Dkt. 93) (the "Summary Judgment Order"); and (2) order that the vacated Summary Judgment Order and all references thereto be removed permanently from all electronic databases and internet websites available to members of the public, whether by charge or for free, including but not necessarily limited to Lexis, Westlaw, and PACER.

I.   **BACKGROUND**

Defendants moved for summary judgment in this matter on October 20, 2006 (Dkt. 60). On September 28, 2007, the Court issued the Summary Judgment Order granting Defendants'

motion and entered final judgment for Defendants. That same day, counsel for Plaintiff WTC filed a notice of appeal to the United States Court of Appeals for the Eleventh Circuit (the "Eleventh Circuit"). This appeal is still pending.

Before devoting time and resources necessary to brief the issues for appeal, the parties discussed settlement and participated in mediation. Recognizing the risk and expense associated with this appeal, the parties reached a prospective settlement contingent on this Court's willingness to: (1) vacate its Summary Judgment Order; and (2) direct that the vacated Summary Judgment Order be removed permanently from all electronic databases and internet websites available to members of the public, whether by charge or for free, including but not necessarily limited to Lexis, Westlaw, and PACER.[1] The parties are moving concurrently to request that the Eleventh Circuit stay review of the appeal pending this Court's response to this motion.

## II.   LEGAL ARGUMENT

Rule 60(b), Fed.R.Civ.P., permits a party to seek relief from a final judgment, order or proceeding by motion for various reasons specified in Rule subparts 60(b)(1) through 60(b)(5). Pursuant to Rule 60(b)(6), the Court may also relieve a party from a final judgment for "any other reason that justifies relief." In this case, the requested relief is justified due to the interest of the parties in settling this matter without the need to devote additional resources, both monetary and physical. The requested relief is also justified to save the District Court and the Eleventh Circuit from needlessly expending additional resources on this matter. Finally, the request for relief from the final judgment is timely pursuant to Rule 60(c)(1), Fed.R.Civ.P., because it is filed within a "reasonable time" as required by the Rule. The parties just recently

---

[1] While the proposed Order would direct the de-publication of the vacated Summary Judgment Order, the Court would not be requested to affirmatively police this aspect of the requested relief. WTC would be responsible for policing the de-publication portion of the requested order.

agreed to settle this matter contingent on the Court's willingness to grant the relief requested herein.

The Court has the power to grant this relief upon remand from the appellate court. By indicating its inclination to grant the requested relief, the Court can trigger a remand from the Eleventh Circuit. *See Lairsey v. Advance Abrasives Co.*, 542 F.2d 928, 932 (Former 5th Cir. 1976) ("If inclined to grant the [Rule 60(b)] motion, [the district court] so indicates and the movant can then apply to the appellate court for remand for the trial court to enter its order" (citation omitted)).[2]

WHEREFORE, the parties request that the Court indicate its willingness to: (1) grant the parties' join Motion; (2) vacate the Summary Judgment Order; (3) direct that the Summary Judgment Order is vacated, null and void and not for publication, and (4) order that the vacated Summary Judgment Order and all references thereto be removed permanently from all electronic databases and internet websites available to members of the public, whether by charge or for free, including but not necessarily limited to Lexis, Westlaw, and PACER.

/s/ Frank R. Jakes
Frank R. Jakes, FBN 372226
frankj@jpfirm.com
Joseph J. Weissman, FBN 0041424
josephw@jpfirm.com
JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP
P.O. Box 1100
Tampa, Florida 33601
(813) 225-2500
(813) 223-7118 (facsimile)
Counsel for Plaintiff World Triathlon Corporation

---

[2] The parties need not obtain leave from the Eleventh Circuit to file this Rule 60(b) motion before doing so. *See Lairsey*, 542 F.2d at 932 n.3.

/s/ Linda M. Burrow
Christopher G. Caldwell,
Linda M. Burrow
CALDWELL LESLIE & PROCTOR, P.C.
1000 Wilshire Boulevard, Suite 600,
Los Angeles, California 90017

and

Douglas J. Titus, Jr.,
GEORGE & TITUS, P.A.
100 South Ashley Drive, Suite 1290
Tampa, Florida 33602

Counsel for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following counsel: Christopher G. Calwell, Esq. and Linda Burrow, Esq., CALDWELL LESLIE and PROCTOR, PC, 1000 Wilshire Blvd., Suite 600, Los Angeles, CA 90017-2463 and Douglas J. Titus, Jr., Esq., GEORGE & TITUS, P.A., 100 S. Ashley Dr., Suite 1290, Tampa, FL 33601-3240 on this 22nd day of January, 2008.

/s/ Frank R. Jakes
Frank R. Jakes, FBN 372226
frankj@jpfirm.com
Joseph J. Weissman, FBN 0041424
josephw@jpfirm.com
JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP
P.O. Box 1100
Tampa, Florida 33601
(813) 225-2500
(813) 223-7118 (facsimile)
Counsel for Plaintiff World Triathlon Corporation

#115542

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| WORLD TRIATHLON CORPORATION, INC., a Florida corporation;<br><br>Plaintiff,<br><br>vs.<br><br>DAWN SYNDICATED PRODUCTIONS, a Delaware Corporation, *et al*<br><br>Defendants. | CASE NO: 8:05-CV-983-T-27EAJ |

## INDICATION OF WILLINGNESS TO VACATE ORDER

THIS CAUSE having come before the Court on the parties' stipulated motion, the Court hereby indicates its willingness, upon remand from the appellate court and joint motion of the parties, to enter an order:

(1)  Vacating the Court's order dated September 28, 2007 (Dkt. 93);

(2)  Directing that the Court's September 28, 2007 Order is vacated, null and void and not for publication; and

(3)  Ordering the vacated September 28, 2007 Order and all references thereto removed permanently from all electronic databases and internet websites available to members of the public, whether by charge or for free, including but not necessarily limited to Lexis, Westlaw, and PACER.

DONE this _____ date of January, 2008.

_____
The Honorable James D. Whittemore
United States District Court Judge