UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WORLD TRIATHLON CORPORATION, INC.,

Plaintiff,

vs.  Case No. 8:05-CV-983-T-27EAJ

DAWN SYNDICATED PRODUCTIONS,
TELEPICTURES PRODUCTIONS, WARNER
BROS. ENTERTAINMENT, INC., WARNER
BROS. DOMESTIC TELEVISION
DISTRIBUTION, INC., WMOR-TV COMPANY,

Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Plaintiff's and Defendants' Joint Motion for Relief Pursuant to Rule 60(b) (Dkt. 104).[1] Upon consideration, the motion is **DENIED**. The parties have not demonstrated exceptional circumstances justifying the extraordinary relief of vacating an order of the court and removing it from public view. Merely because the parties have reached a settlement does not justify the extraordinary relief requested. *See U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 29 (1994)("[E]xceptional circumstances do not include the mere fact that

---

[1] This court has jurisdiction to consider the Rule 60(b) motion, notwithstanding the pendency of an appeal. *Parrott v. Wilson*, 707 F.2d 1262, 1266 (11th Cir.1983), *cert. denied*, 464 U.S. 936 (1983)("We have recognized the discretionary power of a district court to consider such a motion even after an appeal has been noticed.") (citations omitted); *Mahone v. Ray*, 326 F.3d 1176 (11th Cir. 2003).

the settlement agreement provides for vacatur...").[2]

Plaintiff and Defendants represent that they reached a settlement while this case was on appeal, "contingent on this Court's willingness to: (1) vacate its Summary Judgment Order; and (2) direct that the vacated Summary Judgment Order be removed permanently from all electronic databases and internet websites available to the public, whether by charge or for free, including but not necessarily limited to Lexis, Westlaw, and PACER" (Dkt. 140, p. 2). Specifically, the parties seek an order vacating the September 28, 2007 order which granted Defendant's motion for summary judgment, and the resulting Judgment (Dkts. 93, 94).

Not only have the parties failed to demonstrate exceptional circumstances justifying the extraordinary relief they seek, they have not established that this Court has the authority to permanently remove the image of the summary judgment order "from all electronic databases and internet websites available to the public..." Moreover, the parties' requested relief implicates First Amendment concerns, which the parties fail to address. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013, 1015 -1016 (11th Cir. 1992).[3]

There is precedent indicating that vacating a judgment is the "established practice" when a case becomes moot while on appeal. *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39

---

[2] The Court made this statement in the context of discussing "the relevance of our holding to motions at the court-of-appeals level for vacatur of district-court judgments." 513 U.S. at 28.

[3] "It is immaterial whether the sealing of the record is an integral part of a negotiated settlement between the parties, even if the settlement comes with the court's active encouragement. Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case. Absent a showing of extraordinary circumstances set forth by the district court in the record consistent with *Wilson*, the court file must remain accessible to the public." *Brown v. Advantage Engineering, Inc.*, 960 F.2d at 1016, citing *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir.1985).

2

(1950)("The established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss."). That practice is usually followed, however, when a change in circumstances, not brought about by the litigants, renders the action moot for Article III purposes. *See Atlanta Gas Light Co. v. F.E.R.C.,* 140 F.3d 1392, 1403 (11th Cir. 1998).

Notwithstanding the reference to the "established practice" in *Munsingwear,* the Supreme Court subsequently questioned the propriety of vacating a judgment where, as here, an appellate case is rendered moot as a result of settlement:

> We hold that mootness by reason of settlement does not justify vacatur of a judgment under review. This is not to say that vacatur can never be granted when mootness is produced in that fashion. As we have described, the determination is an equitable one, and exceptional circumstances may conceivably counsel in favor of such a course. It should be clear from our discussion, however, that *those exceptional circumstances do not include the mere fact that the settlement agreement provides for vacatur*-which neither diminishes the voluntariness of the abandonment of review nor alters any of the policy considerations we have discussed. Of course even in the absence of, or before considering the existence of, extraordinary circumstances, a court of appeals presented with a request for vacatur of a district-court judgment may remand the case with instructions that the district court consider the request, which it may do pursuant to Federal Rule of Civil Procedure 60(b).(emphasis added)

*U.S. Bancorp*, 513 U.S. at 29.

This case is in the very posture contemplated by the Supreme Court in *U.S. Bancorp.* Accordingly, "exceptional circumstances" must be demonstrated before the summary judgment order is vacated, which the parties have failed to do. Moreover, the public has an interest in these judicial proceedings (See Dkt. 111). The parties seeks what is essentially an equitable remedy, without regard to the public interest. Judicial orders "are not merely the property of private litigants and should

stand unless a court concludes that the public interest would be served by a vacatur." *U.S. Bancorp.*, 513 U.S. at 27. This court can envision no interest of the public which would be served by vacating its order and judgment and effectively purging the public domain of the order.

**DONE AND ORDERED** in chambers this 17TH day of April, 2008.

                                        **JAMES D. WHITTEMORE**
                                        **United States District Judge**

Copies to: Counsel of Record