# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

August 22, 2008

Sheryl L. Loesch
Clerk, U.S. District Court
801 N FLORIDA AVE RM 220
TAMPA  FL  33602-3849

**Appeal Number: 07-14631-JJ**
Case Style: World Triathlon Corp. v. Dawn Syndicated
District Court Number: 05-00983 CV-T-27-EAJ ()

The following action has been taken in the referenced case:

Appellees Motion to Supplement the Record is Granted.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: Carol P. Lewis (404) 335-6179

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

MOT-2 (06-2007)

FILED

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

08 AUG 25 AM 11:50
CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 15 2008
THOMAS K. KAHN
CLERK

WORLD TRIATHLON
CORPORATION, INC.,
a Florida corporation,

    Appellant,

Appeal No. 07-14631-JJ

vs.

DAWN SYNDICATED
PRODUCTIONS, a Delaware
Corporation, *et al,*

District Ct. Case No: 8:05-CV-983-T-27EAJ

    Appellees.

_____/

## APPELLEES STIPULATED MOTION TO CORRECT THE RECORD

Appellees DAWN SYNDICATED PRODUCTIONS, TELEPICTURES PRODUCTIONS, WARNER BROS. ENTERTAINMENT, INC., WARNER DOMESTIC TELEVISION DISTRIBUTION, INC., and WMOR-TV COMPANY ("Defendants") pursuant to Fed.R.App.P. 10(e) and Fed.R.App.P. 27 hereby move this Court to correct the record on appeal.

## MEMORANDUM

This is an appeal from the District Court's grant of summary judgment in Defendants' favor. On page 11 of "Defendants' Motion for Dispositive Summary Judgment and Incorporated Memorandum of Law" ("Defendants' Motion"), in

footnote 11 *See* Docket ("Dkt.")___. Defendants specifically referred the District Court to pages 96 and 97 of the deposition testimony of David J. Decker.

Defendants relied on this testimony in support of certain legal arguments. WTC did not object to the introduction of this evidence and the related arguments below.

While both parties filed excerpts from Mr. Decker's deposition during the summary judgment proceedings (*See* ECF Doc. #64-23 & Doc. #75-3), Defendants inadvertently failed to file pages 96 and 97 of that deposition as referenced in Defendant's Motion [1]

Fed.R.App.P 10(e)(2) provides for correction or modification of the record on appeal in cases of error or accident, as follows:

> If anything material or either party is omitted from or misstated in the record by error or accident, the omission or misrepresentation may be corrected and a supplemental record may be certified and forwarded: (A) on stipulation of the parties; (B) by the district court before or after the record has been forwarded; or (C) by the court of appeals.

---

[1] Interestingly, WTC also inadvertently failed to file certain pages from Mr. Decker's deposition in support of its opposition to Defendants' Motion. Defendants stipulated to WTC's Motion to Correct the Record to add these two pages, which this Court granted on June 18, 2008.

WTC stipulates to this correction. No party will suffer any prejudice as WTC was fully aware of the evidentiary reference in the proceedings below.

Because the District Court has already forwarded the record to this Court, Defendants submit the omitted pages of Mr. Decker's deposition testimony as Exhibit A to this Motion. Defendants respectfully request that this Court correct the record on appeal by allowing pages 96 and 97 of David J. Decker Deposition to be included in the appellate record. The interests of fairness and justice warrant application of Fed.R.App.P. 10(e) in this case.

WHEREFORE, Defendants with WTC's stipulation respectfully request that this Court issue an order correcting the record on appeal to include pages 96 and 97 of the Deposition of David J. Decker.

Christopher G. Caldwell,
Linda M. Burrow
CALDWELL LESLIE & PROCTOR, P.C.
1000 Wilshire Boulevard, Suite 600,
Los Angeles, California 90017

and

Douglas J. Titus, Jr.,
GEORGE & TITUS, P.A.
100 South Ashley Drive, Suite 1290
Tampa, Florida 33602

Counsel for Appellees

3

## CERTIFICATE OF SERVICE

I certify that on this 14th day of August 2008, I served, via U.S. Mail, a true and correct copy of the foregoing upon Frank R. Jakes and Joseph J. Weissman, Johnson, Pope, Bokor, Ruppel & Burns, LLP, 403 East Madison Street, 4th Floor, Tampa, Florida 33602.

*/s/ Christopher G. Caldwell*
Christopher G. Caldwell,
Linda M. Burrow
CALDWELL LESLIE & PROCTOR, P.C.
1000 Wilshire Boulevard, Suite 600,
Los Angeles, California 90017

and

Douglas J. Titus, Jr.,
GEORGE & TITUS, P.A.
100 South Ashley Drive, Suite 1290
Tampa, Florida 33602

## CERTIFICATE OF COMPLIANCE

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14 Point Font and contains 796 words.

*/s/ Christopher G. Caldwell*
Christopher G. Caldwell,
Linda M. Burrow
CALDWELL LESLIE & PROCTOR, P.C.
1000 Wilshire Boulevard, Suite 600,
Los Angeles, California 90017

and

Douglas J. Titus, Jr.,
GEORGE & TITUS, P.A.
100 South Ashley Drive, Suite 1290
Tampa, Florida 33602

## CERTIFICATE OF INTERESTED PARTIES
## AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Eleventh Circuit Rule 26-1, Appellees provide the following list of persons who have an interest in the outcome of this appeal:

**Burrow, Linda M.**, Attorney for Appellees

**Caldwell, Christopher G.**, Attorney for Appellees

**Caldwell Leslie & Proctor**, PC, Counsel for Appellees

**Dawn Syndicated Productions**

**Fugate, Jeanne A.**, Attorney for Appellees

**George & Titus**, P.A., Counsel for Appellees

**Jakes, Frank R.**, Attorney for Appellant

**Johnson, Pope, Bokor, Ruppel & Burns**, LLP, Counsel for Appellant

**Telepictures Productions, Inc.**

**Titus, Douglas J., Jr.**, Attorney for Appellees

**Warner Bros. Domestic Television Distribution, Inc.**

**Warner Bros. Entertainment, Inc.**

**Weissman, Joseph J.**, Attorney for Appellant

**Whittmore, The Honorable James D.**, U.S. District Court Judge;

**WMOR-TV Company**

**World Triathlon Corporation**

_/s/ Christopher G. Caldwell_
Christopher G. Caldwell
Linda M. Burrow
Jeanne A. Fugate
CALDWELL LESLIE & PROCTOR, PC
1000 Wilshire Boulevard, Suite 600,
Los Angeles, California 90017

and

Douglas J. Titus, Jr.,
GEORGE & TITUS, P.A.
100 South Ashley Drive, Suite 1290
Tampa, Florida 33602

Page 1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WORLD TRIATHLON CORPORATION, )
INC., a Florida corporation, )
                             )
        Plaintiffs,          )
                             )
   vs.                       )   No. 8:05-CV-983-T--27EAJ
                             )
DAWN SYNDICATED PRODUCTIONS, )
a Delaware Corporation;      )
TELEPICTURES PRODUCTIONS, a  )
Delaware Corporation; WARNER )
BROS. ENTERTAINMENT, INC., a )
Delaware Corporation; WARNER )
BROS. DOMESTIC TELEVISION    )
DISTRIBUTION, INC., a        )
Delaware Corporation; and    )
WMOR-TV COMPANY, a Florida   )
Corporation,                 )
                             )
        Defendants.          )
_____)


DEPOSITION OF DAVID J. DECKER
Burbank, California
Tuesday, September 12, 2006
Volume


Reported by:
MARIA A. HASAKIAN
CSR No. 8469
Job No. 919887B



```
 1                UNITED STATES DISTRICT COURT
 2                 MIDDLE DISTRICT OF FLORIDA
 3                      TAMPA DIVISION
 4
 5   WORLD TRIATHLON CORPORATION, )
     INC., a Florida corporation, )
 6                                )
              Plaintiffs,         )
 7                                )
        vs.                       )  No. 8:05-CV-983-T--27EAJ
 8                                )
     DAWN SYNDICATED PRODUCTIONS, )
 9   a Delaware Corporation;      )
     TELEPICTURES PRODUCTIONS, a  )
10   Delaware Corporation; WARNER )
     BROS. ENTERTAINMENT, INC., a )
11   Delaware Corporation; WARNER )
     BROS. DOMESTIC TELEVISION    )
12   DISTRIBUTION, INC., a        )
     Delaware Corporation; and    )
13   WMOR-TV COMPANY, a Florida   )
     Corporation,                 )
14                                )
              Defendants.         )
15   _____)
16
17         Deposition of DAVID J. DECKER,
18       Volume 1, taken on behalf of Plaintiff,
19       at 4000 Warner Boulevard, Burbank,
20       California, beginning at 10:16 a.m. and
21       ending at 4:34 p.m. on Tuesday,
22       September 12, 2006, before MARIA A.
23       HASAKIAN, Certified Shorthand Reporter
24       No. 8469
25
```

1          MS. BURROW:  No.

2          MR. JAKES:  Okay.

3     Q    Well, let's go back, then, to No. 14 on the

4  schedule for the 30(b)6 depositions, which is asking a

5  corporate representative to testify regarding the

6  promotion and marketing of the elimiDATE Ironman

7  episodes.

8          Are you prepared to testify on behalf of the

9  corporate defendants, with the exception of WMOR-TV, in

10 this regard?

11    A    Yes.

12    Q    And what have you done to prepare for your

13 testimony on this topic?

14    A    I checked with our marketing department, and I

15 checked with the show, specifically Stuart and Eric, as

16 to what was done.

17    Q    And what promotion and/or marketing was

18 undertaken for the elimiDATE Ironman episodes?

19    A    The only thing that was done was promos were

20 cut.  They were inserted into the preceding episodes, the

21 day before, to promote the next day's episode coming up.

22 Those promos, or promos similar to that, were also sent

23 to the stations to allow the stations to run those promos

24 at other times during the day, if they wanted to, at

25 their election.  And my understanding is they did not.

1  Q   Okay. On that last part of the answer -- your
2  understanding is they did not -- what are you referring
3  to?
4  A   The stations.
5  Q   Okay.
6  A   Yeah, the stations did not, in fact, run the
7  promos that we give them that run outside of the body of
8  the show.
9  Q   And what information are the corporate
10 defendants relying on to support that part of your
11 testimony? What did you do to check to see if those
12 promos were run by any of the stations?
13 A   We have affiliate relations people who work
14 with the promotions and marketing departments, and their
15 jobs are to discuss with the individual stations the
16 programs that are being distributed to them, including
17 promotions and marketing of those programs. So they
18 would be the ones to know what sort of promotion is being
19 done on a station level for that program.
20     So I asked our promotion and marketing
21 department, "Through your affiliate relations, were any
22 elimiDATE spots being run, particularly for this week and
23 for May sweeps," and they said, "No."
24 Q   Is this within Warner Bros. Domestic TV
25 Distribution?

Page 147

1
2
3
4
5      I, DAVID J. DECKER, do hereby declare under
6  penalty of perjury that I have read the foregoing
7  transcript of my deposition; that I have made such
8  corrections as noted herein, in ink, initialed by me, or
9  attached hereto; that my testimony as contained herein,
10 as corrected, is true and correct.
11     EXECUTED this _____ day of _____,
12
13 20____, at _____, _____.
14                (City)                (State)
15
16     _____
       DAVID J. DECKER
17     Volume 1
18
19
20
21
22
23
24
25

Esquire Deposition Services                    813-221 2535

Page 148

1

2

3       I, the undersigned, a Certified Shorthand

4  Reporter of the State of California, do hereby certify:

5       That the foregoing proceedings were taken

6  before me at the time and place herein set forth; that

7  any witnesses in the foregoing proceedings, prior to

8  testifying, were placed under oath; that a verbatim

9  record of the proceedings was made by me using machine

10 shorthand which was thereafter transcribed under my

11 direction; further, that the foregoing is an accurate

12 transcription thereof.

13      I further certify that I am neither financially

14 interested in the action nor a relative or employee of

15 any attorney of any of the parties.

16      IN WITNESS WHEREOF, I have this date subscribed

17 my name.

18

19 Dated: _____

20

21

22         _____

           MARIA A. HASAKIAN

23         CSR No. 8469

24

25